UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KOLTON PLATERO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-CV-0314-CVE-JFJ |
| ) | |
| **DAY TO DAY LOGISTICS, INC.,** ) | |
| **NAVJOT SIDHU, DOUTBLE CROWN** ) | |
| **LOGISTICS LLC, MICHAEL YOUNG,** ) | |
| **OLLIE DUMAS, and DM EXPRESS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendant Day to Day Logistics, Inc.'s (Day to Day Logistics) motion to transfer venue under 28 U.S.C. § 1404(a) and brief in support (Dkt. # 27). Day to Day Logistics argues that this action should be transferred to the United States District Court for the Western District of Oklahoma because "no parties or key witnesses reside in the Northern District, and all facts giving rise to this lawsuit occurred within the jurisdiction of the Western District." Dkt. # 27, at 2. The Court ordered expedited responses to the motion to transfer to be filed by August 24, 2023. Dkt. # 29. Co-defendants Double Crown Logistics, LLC and Michael Young "have no objection to the transfer of this case to the United States District Court for the Western District of Oklahoma." Dkt. # 33, at 1. Plaintiff has not responded to the motion and the time to do so has passed.

Under 28 U.S.C. § 1404 a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses." The Tenth Circuit has identified several factors that a district court should consider in ruling on a motion to transfer:

>the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to the parties and witnesses. Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993). Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." Id. A plaintiff's choice of forum is generally given significant deference, but this deference is lessened if the plaintiff does not reside in the judicial district or if the "facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1168 (10th Cir. 2010).

Day to Day Logistics states that this is one of four currently pending cases based on a multi-vehicle accident that occurred on January 26, 2022 in Lincoln County, located in the Western District of Oklahoma. Dkt. # 27, at 1. It argues that this case should be transferred to the Western District of Oklahoma because all of the facts giving rise to this lawsuit occurred there and no parties reside in the Northern District. Id. at 2. Indeed, few of the witnesses are domiciled in Oklahoma, and most of those who do reside in the state live within the Western District of Oklahoma. Id. Morgan Miller

is the only witness who Day to Day Logisitics identified as living in the Northern District. Id. at 5. Yet Miller filed her own action in Lincoln County, and that case has since been removed to the Western District of Oklahoma. Id. Further, of the cases currently pending in federal court based on this accident, this is the only one in the Northern District of Oklahoma. Id. at 1 n.1. The remaining federal cases are in the Western District of Oklahoma. Id. Therefore, the relevant parties and witnesses will already be testifying in related cases in the Western District, and would be inconvenienced to have to litigate only this action in the Northern District.

Meanwhile, plaintiff failed to respond to Day to Day Logistics's motion, and the Court sees no reason why the case should remain in this district simply because it was plaintiff's chosen forum. Plaintiff does not reside in the Northern District of Oklahoma, and none of the facts giving rise to this action took place here. For the reasons stated herein, the Court finds that Day to Day Logistics has met its burden, and plaintiff has presented no reason why his choice of forum should not be disturbed. Therefore, Day to Day Logistics's motion to transfer (Dkt. # 27) should be granted. For good cause shown, the Court finds that this matter should be transferred to the United States District Court for the Western District of Oklahoma.

**IT IS THEREFORE ORDERED** that the Court Clerk is directed to **transfer** this case to the Western District of Oklahoma.

**DATED** this 28th day of August, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE